

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-1996

# Younis Bros & Co Inc v. Cigna Worldwide Ins

Precedential or Non-Precedential:

Docket 95-1905

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Younis Bros & Co Inc v. Cigna Worldwide Ins" (1996). *1996 Decisions*. Paper 132.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/132

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 95-1905


YOUNIS BROS. AND CO., INC.

V.

CIGNA WORLDWIDE INSURANCE COMPANY


THE ABI JAOUDI AND AZAR TRADING CORPORATION

V.

CIGNA WORLDWIDE INSURANCE COMPANY; WHISTONDALE & PARTNERS, INC.,
aka WHISTONDALE & PARTNERS, P.L.C.; GALLAGHER PLUMER, LTD.;
EAGLE STAR INSURANCE CO. LTD.; CNA REINSURANCE OF LONDON LTD.;
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, (UK Ltd.);
ORION INSURANCE CO. PLC.; NRG FENCHURCH INSURANCE CO. LTD.;
U A P INS. CO.; GENERALI INS. CO.; SIRIUS (UK) INSURANCE PLC;
YASUDA TRUST EUROPE LTD.; MUNICHRE GENERAL SERVICES LTD.,
dba GREAT LANES RE-INSURANCE, LTD. (UK); COMMERCIAL UNION
ASSURANCE COMPANY PLC; CONTINENTAL INSURANCE CO. (UK) LTD.,
dba CONTINENTAL ASSURANCE CO. OF LONDON, LTD.;
STAR ASSURANCE SOCIETY, LTD.; ROYAL RE-INSURANCE CO. LTD.;
HIR UK LTD.

Younis Bros. & Co., Inc. and The Abi Jaoudi
and Azar Trading Corporation, Appellants



ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil Nos. 91-06784, 91-06785)


Submitted under Third Circuit LAR 34.1(a)
on June 4, 1996

Before:  COWEN, NYGAARD and LEWIS, Circuit Judges

(Opinion Filed July 30, 1996)

JOHN J. SEEHOUSEN
P.O. BOX 795
LANGHORNE, PA 19047-0795
Attorney for Appellants

ELIZABETH CHAMBERS
DAVID R. STRAWBRIDGE
STEPHEN A. COZEN
DOUGLAS R. WIDIN
COZEN & O'CONNOR
THE ATRIUM
1900 MARKET STREET
PHILADELPHIA, PA 19103
Attorneys for Appellees

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Younis Brothers & Company and the Abi Jaoudi and Azar Trading Corporation appeal the judgment as a matter of law in favor of appellee, CIGNA Worldwide Insurance Company. The district court concluded that the "war risk exclusion" contained in appellants' insurance policies precluded claims arising from the June 1990 Liberian insurrection. We will affirm.

I.

The district court's opinion details the facts underlying this appeal. See Younis Bros. & Co. v. CIGNA Worldwide Ins. Co., 899 F.Supp. 1385, 1388–1393 (E.D. Pa. 1995). We need not repeat them except to note that appellants owned businesses and properties in Liberia, which, between June and October 1990, were damaged by looting and fire. During this time Charles Taylor and Prince Johnson led separate armies against the Liberian government. Appellants' holdings were insured under CIGNA policies containing war risk exclusions for losses caused by, inter alia, war, civil war, insurrection, rebellion or revolution. CIGNA carried the burden of establishing that the situation within Liberia fell within the war risk exclusions.

Following a jury trial on appellants' declaratory judgment action, the district court entered judgment as a matter of law in favor of CIGNA, holding that Liberia experienced an insurrection during the relevant time period. We must decide whether the record contains that minimum quantum of evidence from which a jury might reasonably afford relief. See, e.g., Patzig v. O'Neil, 577 F.2d 841, 846 (3d Cir. 1978). We conclude that a state of insurrection existed in Liberia during the relevant time period; and, that the insurrection caused appellants' losses.

II.

"Insurrection" is the most basic form of civil unrest, the definition of which encompasses all other forms of civil commotion addressed by the war risk exclusions in appellants' policies. See Pan Am. World Air., Inc. v. AETNA Casualty & Sur. Co., 505 F.2d 980, 1017 (2d Cir. 1974). We adopt the definition of "insurrection" articulated by the First Circuit Court of Appeals in Home Ins. Co. of N.Y. v. Davila, 212 F.2d 731, 736 (1st Cir. 1954):

> [T]o constitute an insurrection or rebellion
> within the meaning of these policies, there
> must have been a movement accompanied by
> action specifically intended to overthrow the
> constituted government and to take possession
> of the inherent powers thereof.

Accord Pan Am., 505 F.2d at 1017–1019 (defining insurrection as (1) a violent uprising by a group or movement (2) acting for the specific purpose of overthrowing the government and seizing its powers).

No one questions that Charles Taylor and Prince Johnson led their respective armies in a violent uprising. The record further reveals that one or both of them intended to overthrow the government and seize power. Numerous witnesses testified as to objective manifestations of that intent, while there is not a scintilla of evidence to suggest some other goal. The evidence permits no interpretation other than that, from June to October 1990, when appellants' losses occurred, the events in Liberia constituted an insurrection within the meaning of the war risk exclusion clauses in the CIGNA policies.

Close review of the record further reveals that the district court properly ruled that the insurrection caused appellants' losses within the meaning of the CIGNA policies. As the district court noted, the total breakdown of civil authority caused by the insurrection compounded the looting and other damage. Numerous witnesses testified that the breakdown of civil authority, the looting and the damage were caused by the insurrection, and that soldiers under Taylor and Johnson participated in the looting and destruction. In contrast, there is no evidence that the damage caused to appellants' businesses resulted from anything other than the insurrection.

### III.

The district court correctly entered judgment as a matter of law that an insurrection both existed in Liberia during the relevant time period and caused the losses suffered by appellants. Accordingly, we will affirm.